UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

BRENADETTE TURNER,

    Plaintiff,

v.

WESTERN LAND SERVICES, INC.,

    Defendant.

Case No. 1:20-cv-00406-PLM-RSK

Hon. Paul L. Maloney

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff Brenadette Turner ("Turner") and Defendant Western Land Services, Inc. ("WLS") jointly move that the Court approve their agreement resolving this case. Because settlement includes the resolution of a claim under the Fair Labor Standards Act, the settlement requires the Court's approval.

### Background

Plaintiff Turner filed her Complaint on May 11, 2020 (ECF No. 1, PageID.1-14). She claimed that WLS failed to pay her overtime because it allegedly misclassified her as an independent contractor. She asserted claims under the Fair Labor Standards Act ("FLSA"), Ohio Minimum Fair Wage Standards Act, and the Ohio Prompt Pay Act. Turner alleged that she intended to move to certify a collective action under the FLSA and a class action under the Ohio state laws.

WLS answered Turner's Complaint on June 8, 2020. (ECF No. 6, PageID.23-61). Among other things, WLS denied that Turner was an employee; presented factual allegations and exhibits showing that she and her company, Turner Title Service LLC ("TTS"), performed services

as an independent contractor of WLS; and denied that Turner or TTS ever reporting working more than 40 hours in any week within the two-year limitations period under the FLSA and Ohio law.

On June 29, 2020, WLS filed a motion for judgment on the pleadings on the grounds that (1) Turner had not pled and could not show that WLS committed a "willful" violation of the FLSA, so the two-year limitations period applied to Turner's claim; (2) Turner and her company did not work more than 40 hours in any week during the FLSA's two-year limitations period; (3) therefore, regardless of whether Turner was an independent contractor or an employee, WLS was entitled to judgment as a matter of law.

The parties engaged in settlement negotiations and reached an agreement before Turner responded to WLS's motion.  The Settlement Agreement and Release is attached to this Joint Motion as **Exhibit A**.

## Memorandum of Law

Claims under the FLSA may be settled only with the approval of the District Court or the Secretary of Labor.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).  If the settlement of a plaintiff's FLSA claim is a fair resolution of the issues, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Id*. at 1354.

"The Court's role is to determine whether the settlement agreement is fair and reasonable to all concerned."  *Cruz v. Don Pancho Market, LLC*, Nos. 1:15-cv-00698, 1:16-cv-00569, 2016 WL 4531142, at *2 (W.D. Mich. Aug. 23, 2016) (citing *Lynn's Food Stores*, 679 F.2d at 1353).  Courts consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense and lengthy duration of the litigation; (3) the state of the proceedings; (4) the probability of Plaintiff's success on the merits; and (5) the range of possible recovery.  *Leverso v. Lieberman*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).

Turner and WLS request that the Court approve the Settlement Agreement and Release because it is fair and reasonable. There is no fraud or collusion behind the settlement. The case is still in the very early stages, and litigating the legal and factual issues would have required significant time and expense for both parties.

The parties agree that Turner faced substantial obstacles on the merits of her claims. WLS alleges that substantial documentation supports WLS's classification of Turner and TTS as an independent contractor. Therefore, if the parties had litigated this matter, it is probable that Turner's claims would be subject to a two-year limitations period. WLS also contends that Turner never reported to WLS that she worked more than 40 hours in any week during the two-year limitations period. Therefore, WLS alleges that any possible recovery for Turner would be speculative at best.

WLS will pay Turner the settlement amount on a 1099 basis to reflect its contention that she was an independent contractor and the speculative nature of any possible recovery for Turner. The parties are aware that the Court has concerns about FLSA settlements that contain broad release provisions. *See Castillo v. 1750 Asian Buffet, Inc.*, No. 1:17-cv-00137, ECF No. 149, PageID.1519 (W.D. Mich. Nov. 20, 2019). However, because WLS will pay Turner the settlement amount on a 1099 basis to reflect her independent contractor status, none of the settlement payments are FLSA-mandated wages. Thus, the settlement payment and general release are not inconsistent with the purposes of the FLSA.

## Conclusion

For the reasons stated above, the settlement is fair and reasonable. The parties request that the Court enter an Order (1) approving the Settlement Agreement and Release and (2) dismissing this action in its entirety, with prejudice, and with each party to bear its own costs and fees. A proposed Order is attached as **Exhibit B**.

JOSEPHSON DUNLAP LLP
Attorneys for Plaintiff

Dated: August 25, 2020        By:  /s/William Liles
                Andrew W. Dunlap
                Michael A. Josephson
                William Liles
                11 Greenway Plaza, Suite 3050
                Houston, TX 77046
                (713) 352-1100
                mjosephson@mybackwages.com
                adunlap@mybackwages.com
                wliles@mybackwages.com

FAGAN MCMANUS, P.C.
Local Attorney for Plaintiff

Dated: August 25, 2020        By:  /s/ Jennifer McManus

                Jennifer L. McManus (P65976)
                25892 Woodward Avenue
                Royal Oak, MI 48067
                (248) 542-6300
                jmcmanus@faganlawpc.com

MILLER JOHNSON
Attorneys for Defendant

Dated: August 25, 2020        By:  /s/ Matthew M. O'Rourke
                William H. Fallon (P33132)
                Matthew M. O'Rourke (P79019)
                P.O. Box 306
                Grand Rapids, MI 49501-0306
                (616) 831-1700
                fallonw@millerjohnson.com
                orourkem@millerjohnson.com